UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:11-cr-0192-RLH-GWF |
| vs. | **O R D E R** |
| JAMES E. TINNELL, M.D., | (Motion to Extend Surrender Date–#25) |
| Defendant. | |

Before the Court is Defendant's **Emergency Motion for Extension of Time for Voluntary Surrender of Defendant to Begin Serving Sentence** (#25, filed August 3, 2012), filed by Defendant's new attorney, George R. Carter. The Government immediately (the same day) filed its Opposition (#27). Notwithstanding assurances to the contrary, the Court finds the purpose of this Motion is for delay. It will be denied.

The purported basis for this motion is "for the reason that Defendant has serious and life-threatening medical problems requiring close monitoring and treatment by his treating physicians, and needs additional time to become stabilized." His new attorney further states that he, "is uncertain whether Defendant's serious and life-threatening medical problems have ever been brought to the court's attention."

The "life-threatening medical problems" are identified as prostate cancer, ruptured discs in his back from service as a paratrooper in the U.S. Army, and most important, a fibrillation problem with his heart. His new counsel asks for up to six months so Dr. Tinnell's medical problems may be brought under control and stabilized.

1

The Court assures Defendant's new counsel that the Defendant's medical conditions were brought to the Court's attention. In fact, his extended surrender date was the result of a request to accommodate his medical condition. Additionally, the Bureau of Prisons has medical facilities which are more than sufficient to address Dr. Tinnell's actual conditions. I say actual conditions, because the information provided to this Court from the treating physicians does not paint the same bleak picture counsel attempts to portray.

None of the conditions are life-threatening, though they pose a serious concern, particularly for someone 75 years of age, notwithstanding the Defendant's affidavit.

First, Defendant (Dr. Tinnell) claims that he suffered four ruptured discs in his back while service with the 101st Airborne Division, which had to be at least 40 years ago. He claims he is still undergoing treatment for his back problems. Yet, there is no doctor's letter or record referring to this "treatment." Perhaps the good doctor is self-medicating with the Oxycodone he so generously prescribed for others (without the benefit of medical examinations or reports). At any rate, if these back problems have persisted for decades, they will not be resolved in another six months of treatment.

Next, he claims he is being treated for prostate cancer. Dr. Candela, his treating physician for the prostate does not, in the letter attached to the motion, nor the letter provided to the Court at sentencing, state that he has prostate cancer. In fact, Dr. Candela's letter of May 4, 2012, merely says that he has been following the Defendant for a year because of an elevated PSA (a blood test used to screen for prostate cancer), which can be caused by prostate cancer, but can also be caused by infection or a benign enlargement of the prostate. He also noted some urinary continency associated therewith. He noted that his recent levels have been falling after the diagnosis and treatment of a bladder infection. He explained that the Defendant had opted for maintaining surveillance rather than have a biopsy of the prostate. This conservative approach to monitoring the PSA is still being followed, according to the July 25, 2012, letter attached to this Motion. Dr. Candela opined that it is "very unlikely that he will ever require invasive treatment for either diagnosis."

Lastly, his other doctor, Dr. Afi Bruce does note that he has been following the Defendant since February 2011, for hypertension, hyperfipidemia, diverticulosis, chronic atrial fibrillation, and BPH. However, other than noting that he should be followed closely and his medications refilled in a timely manner, he does not appear to be in any imminent danger, though chronic atrial fibrillation does put him at risk for a stroke. These conditions are conditions which can be monitored and addressed adequately by the Bureau of Prisons, and do not present conditions not faced by many inmates. Certainly, there is no indication that a delay of six months will resolve these issues. There are no procedures scheduled, nor any indicated or suggested by the treating doctors.

To request an extension of six months to resolve issues, some of which are of many years standing, with no promise or expectation that anything will be different in six months, convinces the Court that the purpose of this motion is simply for delay, and, if granted, would be followed by a further request for an extension at the end of six months.

IT IS THEREFORE ORDERED that Defendant's **Emergency Motion for Extension of Time for Voluntary Surrender of Defendant to Begin Serving Sentence** (#25) is denied.

Dated: August 6, 2012.

_____
**Roger L. Hunt**
**United States District Judge**