# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:11-CR-192-RLH-CWH |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | (2d Motion to Extend Surrender–#30) |
| ) | |
| JAMES E. TINNELL, M.D., ) | |
| ) | |
| Defendant. ) | |

        Defendant has filed a second **Emergency Motion for Limited Extension of Time for Voluntary Surrender of Defendant** (#30, filed August 8, 2012), which was answered immediately by the Government's Opposition (#31), filed the same day.

        Putting aside the fact that Defendant's counsel docketed this motion as an "emergency motion for magistrate judge to reconsider magistrate judge's order," when the order referred to was this District Judge's order, Defendant attempts to convince the Court that he is not trying to test the patience of this Court. The Court is not convinced. The Motion refers to the previous Order's observation that, "There are no procedures scheduled, nor any indicated or suggested by the treating doctors." It then proceeds to show that there is a procedure scheduled eleven days after his surrender date.

        After reading the medical record attached to the motion to verify that a stress test is indeed scheduled for August 21, 2012, the Court can see why it was not produced with the original motion to extend the surrender date for six months. The record clearly shows there is no urgency, or

1

even a compelling need for the procedure. It is purely a precautionary measure to be done at Dr. Tennell's convenience.

The medical report of May 31, 2012, indicates that the Defendant was taken off the medications used to treat a 3-4 year history of atrial fibrillation, and is only taking a baby aspirin. His "Blood pressure is normal." His heart rate is only slightly elevated. "He has no specific cardiac issues." "He had an echocardiogram which was unremarkable. We will schedule him for a Cardiolite stress test at his convenience. . . ." Of course, this does not conform to the characterization in the first motion that Defendant Tinnell had a life-threatening heart condition.

The Court does not know when the Defendant scheduled the stress test (that information was not provided), but when it was scheduled, the Defendant knew he had a surrender date of August 10, 2012, which is tomorrow.

IT IS THEREFORE ORDERED that this second **Emergency Motion for Limited Extension of Time for Voluntary Surrender of Defendant** (30) is also DENIED.

Dated: August 9, 2012.

_____
**Roger L. Hunt**
**United States District Judge**